Hossain v. Barr

BIA
Ruehle, IJ
A206 370 211

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand nineteen.

PRESENT:
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> MICHAEL H. PARK,
> *Circuit Judges.*

_____

SHAHADAT HOSSAIN,
> *Petitioner,*

v.                                                    18-141
                                                      NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:           Stephen K. Tills, Esq., Orchard
                          Park, NY.

FOR RESPONDENT:           Joseph H. Hunt, Assistant
                          Attorney General; Andrew N.
                          O'Malley, Senior Litigation
                          Counsel; Sunah Lee, Trial
                          Attorney, Office of Immigration
                          Litigation, United States
                          Department of Justice, Washington,
                          DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shahadat Hossain, a native and citizen of Bangladesh, seeks review of a December 27, 2017, decision of the BIA affirming an April 27, 2017, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hossain,* No. A 206 370 211 (B.I.A. Dec. 27, 2017), *aff'g* No. A 206 370 211 (Immig. Ct. Buffalo Apr. 27, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, Hossain's argument that the agency lacked jurisdiction over his removal proceedings because his notice to appear did not include a hearing date or time is foreclosed by *Banegas Gomez v. Barr,* 922 F.3d 101 (2d Cir. 2019). *Id.* at 110–12.

Turning to the adverse credibility determination, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well

2

established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination under a substantial evidence standard).  "Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . ., the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record."  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam); *accord Hong Fei Gao*, 891 F.3d at 76.  Substantial evidence supports the agency's determination that Hossain was not credible as to his claim that Awami League members assaulted and threatened to kill him on account of his membership in the Bangladesh Nationalist Party.

The agency reasonably relied on inconsistencies between Hossain's testimony and his documentary evidence.  Hossain repeatedly testified that Awami League members assaulted him

3

at 8:00 p.m. as he returned from a religious holiday gathering in August 2013. He testified that he sustained serious injuries and was taken to a hospital, from which he was discharged without records, and then to another hospital where he remained for two days, receiving documentation of his injuries the day of discharge. He submitted what he claimed were original records of his treatment.

However, at his hearing, when confronted with his own submission of records from the first hospital stating he was admitted at 6:00 p.m., two hours before the alleged assault, Hossain had no explanation other than that the record should have reflected an admission at 9:00 p.m. He also was unable to provide a clear explanation as to why another date more than a year after treatment appeared on these records. Hossain later testified that the document reflected the date it was notarized, before the doctor signed the records. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)). To the extent that he first stated that he had

4

no records from this hospital, his lack of familiarity with his own evidence further undermined his credibility.

Given that these inconsistencies relate directly to the sole incident of past harm and undermine the reliability of the records, the totality of the circumstances supports the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (per curiam) (holding that material inconsistency regarding basis of applicant's asylum claim is substantial evidence for adverse credibility determination). That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5